FILED
13th JUDICIAL DISTRICT COURT
Valencia County
3/6/2020 10:15 AM
PHILLIP ROMERO
CLERK OF THE COURT

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT COURT

MESA VIEW FAMILY CHURCH,

    Plaintiff,

v.                                     Case No. D-1314-CV-2020-00287

BROTHERHOOD MUTUAL INSURANCE
COMPANY, LLC,

    Defendant.

## COMPLAINT FOR BAD FAITH, BREACH OF CONTRACT, AND VIOLATIONS OF THE UNFAIR CLAIMS PRACTICES ACT AND THE UNFAIR TRADE PRACTICES ACT

COMES NOW, Plaintiff Mesa View Family Church, by and through counsel of record, Law Offices of David M. Houliston (David M. Houliston), and for its Complaint for Bad Faith, Breach of Contract, Violation of the New Mexico Unfair Claims Practices, and Violation of the New Mexico Unfair Trade Practices, states:

    1.    Plaintiff Mesa View Family Church (hereinafter referred to as "Plaintiff or Mesa View"), at all times material hereto, is a domestic nonprofit corporation located in the City of Los Lunas, Valencia County, New Mexico.

    2.    Upon information and belief, Defendant Brotherhood Mutual Insurance Services, LLC (hereinafter referred to as "Defendant or Brotherhood") is a foreign limited liability company licensed to do business in New Mexico, whose registered agent is Cogency Global, Inc., located at 1012 Marquez Place, Suite 106B, Santa Fe, New Mexico 87505.

    3.    The incident giving rise to this matter occurred in Valencia County, New Mexico.

**EXHIBIT A1**

1

4. Based on the above paragraphs, jurisdiction and venue are proper in the Thirteenth District Court for the County of Valencia, New Mexico, pursuant to pursuant to NMSA 1978, Section 38-3-1(A), (F) (Repl. 1998).

## GENERAL ALLEGATIONS

5. Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though fully set forth herein.

6. In January 2017, Plaintiff entered into a contract for commercial liability coverage with Brotherhood. The insurance policy provided coverage for claims under Policy # 30M5A0231180, (the "Policy") from Defendant Brotherhood with an applicable policy period of 01/02/2017, through 01/02/2020.

7. The "Ministry*First*" Commercial Multi-Peril Insurance Policy, ("Policy") provided coverage for the property located at 276 Meadow Lake Road, Los Lunas, NM 87031-9498 ("Mesa View's Property"), including, but not limited to, the church, Sunday school, other structures on insured location, and personal property loss of use of the insured location.

8. During the applicable policy period, on February 28, 2017, due to high winds and inclement weather, the roof blew off the Sunday school building located on Mesa View's Property.

9. Plaintiff promptly gave notice of the loss to Defendant Brotherhood notifying them of the claim. Plaintiff complied with all provisions of the Policy; provided all requested information about the losses and obtained estimates as directed by Defendant Brotherhood.

10. Plaintiff cooperated fully with the requests of Brotherhood by providing information about damages, obtaining estimates for repairs and working to mitigate damages.

11. The Policy purchased by Plaintiff was obtained specifically to address the type of catastrophic losses incurred by Plaintiff.

2

12. Defendants' refusal to deal fairly and honestly with Plaintiff, coupled with their refusal to pay the claim in a timely manner, resulted in significant economic losses by Plaintiff.

13. Defendants' conduct is not justified or allowed under the terms and conditions of the Policy.

## COUNT I
## BAD FAITH

14. Plaintiff re-alleges all previous allegations of this Complaint and incorporates the same as though fully set forth herein.

15. Implicit in the contract of insurance between Plaintiff and Defendant, was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with the Plaintiff entitled to compensation for damages under the Policy.

16. Fair dealing means to act honestly and in good faith in the performance of the Policy.

17. At all times since filing the claim, Plaintiff acted honestly and in good faith in all its dealings with Defendant.

18. Defendant breached the implied covenant of good faith and fair dealing in one or more of the following ways, including but not limited to:

   a. Failing and refusing to disclose, admit and acknowledge coverage in this matter;

   b. Failing and refusing to promptly and fairly investigate, process, determine, and decide Plaintiff's claims under the Policy referenced above;

   c. Denying and delaying coverage to Plaintiff under the Policy referenced above; and

3

   d. Failing to issue payment as agreed for repair per estimates agreed to by Plaintiff and Defendant.

19. Defendant failed to pay Plaintiff's first party claim for reasons that were frivolous and unfounded.

20. As a direct and proximate result of Defendant's acts and omissions alleged herein, Plaintiff has suffered damages, and seek damages in a monetary amount to be determined at trial.

21. The acts and failures of Defendant as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

22. Defendant's acts and omissions alleged herein in breach of the implied covenant of good faith and fair dealing were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff.

23. Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Defendant for its misconduct and to deter others from similar conduct in the future.

## COUNT II
## BREACH OF CONTRACT

24. Plaintiff re-alleges all previous allegations of this Complaint and incorporates the same as though fully set forth herein.

25. When Plaintiff purchased the Policy from Defendant, it relied upon and placed its trust in Defendant and its employees to act in good faith and in a reasonable manner to sell Plaintiff the appropriate insurance in the event Plaintiff should ever filed a claim for coverage and benefits.

4

The claim filed by Plaintiff was exactly the type of loss Plaintiff was assured would be covered under the subject Policy.

26. Defendant, and its employees and agents, entered into a fiduciary relationship with Plaintiff and had a duty to use the skill, care and knowledge of reasonable claims representatives and underwriters in evaluating and investigating claims made by its insureds in a prompt and thorough manner.

27. Plaintiff complied with all material terms and conditions under the subject Policy.

28. The Policy requires Defendant to honor their obligations under the subject Policy.

29. As a direct and proximate result of the breach of contract by Defendant, Plaintiff has suffered damages in an amount to be determined at trial.

30. Defendant's acts and omissions alleged herein were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff.

31. Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Defendant for its misconduct and to deter others from similar conduct in the future.

## COUNT III
## VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

32. Plaintiff re-alleges all previous allegations of this Complaint and incorporates the same as though fully set forth herein.

33. At all times material hereto, Defendant engaged in the business of insurance in the State of New Mexico as defined by the New Mexico Insurance Code (NMSA§ 59A-1-4, *et seq.*) and associated statutes, including in particular the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*).

5

34. Defendants, in committing the acts and omissions alleged herein, violated the statutory duties imposed on it by the New Mexico Unfair Claims Practices Act (NMSA § 59A-16-1, *et seq.*), including but not limited to NMSA § 59A-16-20.

35. Defendant's failure to pay Plaintiff's claim was unfounded, unreasonable, and in bad faith.

36. Defendants misrepresented to its insured, Plaintiff, pertinent facts or policy provisions relating to coverage at issue, in violation of NMSA 1978, Section 59A-16-20(A).

37. Defendants failed to properly affirm and pay the coverage for the subject claim of its insured within a reasonable period of time after proof of loss requirements under the commercial liability policy were completed and submitted by Plaintiff in violation of NMSA 1978, Section 59A-16-20(D).

38. Defendants did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim in which liability was reasonably clear in violation of NMSA 1978, Section 59A-16-20(E).

39. As a direct and proximate result of Defendants' acts and omissions alleged herein, the Plaintiff suffered damages in an amount to be proven at trial.

40. Defendants' acts and omissions alleged herein in violating the New Mexico Unfair Claims Practices Act were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff.

41. Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendants for its misconduct and to deter others from similar conduct in the future.

6

## COUNT V
## VIOLATION OF THE NEW MEXICO UNFAIR TRADE PRACTICES ACT

42. Plaintiff re-alleges all previous paragraphs and incorporates the same as though fully set forth herein.

43. At all times material hereto, Defendants were authorized and licensed to sell insurance, and was engaged in "trade" or "commerce" as those terms are defined by the New Mexico Unfair Practices Act (NMSA § 57-12-2).

44. The acts and failures to act by Defendant constitute unfair or deceptive trade practices and unconscionable trade practices which are illegal and prohibited pursuant to the New Mexico Unfair Trade Practices Act, NMSA §§ 57-12-1, *et seq*.

45. Defendants failed to abide by their statutory duties under the New Mexico Unfair Trade Practices Act, NMSA 1978, Section 57-12-3. Such violations are negligence *per se*.

46. Defendant committed unfair trade practices in the sale and provision of insurance to Plaintiff by representing that the insurance had benefits or qualities that it did not have; in violation NMSA 1978, Sections 57-12-2(D)(5) and 57-12-3.

47. Defendant represented the subject insurance was of a particular standard or quality, when it was not, in violation NMSA 1978, Sections 57-12-2(D)(6) and 57-12-3.

48. Defendant used ambiguity and failed to state material facts, which tended to deceive Plaintiff, in violation NMSA 1978, Sections 57-12-2(D)(14) and 57-12-3.

49. Defendant failed to deliver the quality or quantity of insurance coverage contracted for in violation NMSA 1978, Sections 57-12-2(D)(17) and 57-12-3.

50. Defendant conducted unconscionable trade practices in the connection with the sale and servicing of the insurance policy to Plaintiff's detriment by taking advantage of Plaintiff's lack

of knowledge and experience to a grossly unfair degree in violation NMSA 1978, Sections 57-12-2(E)(1) and 57-12-3.

51.     Defendant's failures to act in good faith and Defendants' violations of the Insurance Code and Trade Practices Act are proximate causes of damages sustained by Plaintiff.

52.     As a direct and proximate result of Defendants' acts and omissions alleged herein, the Plaintiff suffered damages in an amount to be proven at trial.

53.     Defendants' acts and omissions alleged herein in violating the New Mexico Unfair Claims Practices Act were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff.

54.     Plaintiff has been forced to retain the services of attorneys to enforce its rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, is entitled to an award of attorney's fees and costs associated therewith.

55.     Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish Defendants for its misconduct and to deter others from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment against the Defendants for all compensatory damages, punitive damages, treble damages as allowed under New Mexico law, attorney's fees and costs, pre-judgment and post-judgment interest at the statutory rates, and any and all other relief the Court deems just and proper.

Respectfully submitted:

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/ David M. Houliston*
DAVID M. HOULISTON

7500 Jefferson St. NE, Suite 106
Albuquerque, NM  87109
Phone: (505) 247-1223
Fax:    (505) 214-5204
david@houlistonlaw.com
*Attorney for Plaintiff*

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE

**SUPERINTENDENT OF INSURANCE**
Russell Toal



**DEPUTY SUPERINTENDENT**
Robert E. Doucette, Jr.

April 16, 2020

Brotherhood Mutual Insurance Company
6400 Brotherhood Way
Fort Wayne, IN 46825

RE:   MESA VIEW FAMILY CHURCH V. BROTHERHOOD MUTUAL INSURANCE COMPANY
D-1314-CV-2020-00287

Dear Sir or Madam:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a Summons to Brotherhood Mutual Insurance Company, Complaint for Bad Faith, Breach of Contract, and Violations of the Unfair Claims Practices Act and the Unfair Trade Practices Act. on the above styled cause. Service was accepted on your behalf on 4/16/2020.

Respectfully,

*[signature]*

Russell Toal, Superintendent

CERTIFIED MAIL#   7018 1830 0000 6972 7821

**EXHIBIT A2**

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

AB

FILED
13th JUDICIAL DISTRICT COURT
Valencia County
4/29/2020 2:18 PM
PHILLIP ROMERO
CLERK OF THE COURT

STATE OF NEW MEXICO
COUNTY OF VALENCIA
THIRTEENTH JUDICIAL DISTRICT

MESA VIEW FAMILY CHURCH
Plaintiff,

v.                                                                                  No. D-1314-CV-2020-00287

BROTHERHOOD MUTUAL INSURANCE COMPANY
Defendants,

### ACCEPTANCE OF SERVICE

I, Russell Toal, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons to Brotherhood Mutual Insurance Company, Complaint for Bad Faith, Breach of Contract, and Violations of the Unfair Claims Practices Act and the Unfair Trade Practices Act. was served on Brotherhood Mutual Insurance Company on 4/16/2020 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on 4/21/2020 confirmed by Postmaster return receipt.



In Witness Whereof, I have hereunto set my official seal on April 28, 2020.

Superintendent of Insurance

27951

FROM: Evan Wolfe<evanwolfelaw@gmail.com>
TO: claims@brotherhoodmutual.com; Evan Wolfe; standforgod1
SENT: Thursday, August 08, 2019 4:16:58 PM Eastern Daylight Time
SUBJECT: Mesa View Family Church, Claim No.: 0536374

==============================================================

Dear Mr. Hurley:

Thank you for the check in the amount of $100,000.00.

You stated in your letter that the limit for the O and L is $100,000.00. This is incorrect as the coverage amount is $350,000.00.

Please forward the balance of the amount submitted to you on this claim.

Thank you, Evan Wolfe


Evan R. Wolfe, Esquire
**WOLFE LAW GROUP**
**ATTORNEYS AT LAW**

# www.WolfeLawGroup.us

150 S. Pine Island Road
Suite 300
Plantation, Florida 33324
Ph: 305-989-6440
**877**-WOLFE - LAW
**855**-MR - WOLFE
Fx: 954-212-6460

------------------------------------

**COLORADO MAILING ADDRESS**
400 North Park Avenue
#10-B
Breckenridge, Colorado 80424
Ph: 305-989-6440
**877**-WOLFE - LAW
**855**-MR - WOLFE



**EXHIBIT B1**

**NOTICE:** The information contained in this electronic mail transmission is intended by Evan R. Wolfe, P.A. for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for

FROM: Evan Wolfe<evanwolfelaw@gmail.com>
TO: claims@brotherhoodmutual.com; standforgod1; Evan Wolfe
SENT: Monday, September 16, 2019 12:04:42 PM Eastern Daylight Time
SUBJECT: Mesa View Family Church, Claim No.: 0536374
ATTACHMENTS: Mesa View Membership lost building.xlsx;
=============================================================

Dear Mr. Hurley.

I still not have heard back from you regarding the additional amounts owed to my client under the $350,000.00 coverage amount for the ordinance and law. I also sent you documentation for the contents and loss of business that was not addressed in the appraisal. I am attaching another copy of the loss tithes that total $70,100.

In an effort to keep my client from filing suit for breach of contract and bad faith, please get back to me within the next forty-eight (48) hours on these outstanding issues.

Please note that nothin in this communication is intended to be, nor should it be considered to be, a waiver of any of our client's rights afforded to them under the insurance policy and under New Mexico Law, all of which are hereby expressly reserved.

Thank you, Evan Wolfe


Evan R. Wolfe, Esquire
**WOLFE LAW GROUP**
**ATTORNEYS AT LAW**

# www.WolfeLawGroup.us

150 S. Pine Island Road
Suite 300
Plantation, Florida 33324
Ph: 305-989-6440
**877-WOLFE - LAW**
**855-MR - WOLFE**
Fx: 954-212-6460

------------------------------------

**COLORADO MAILING ADDRESS**
400 North Park Avenue
#10-B
Breckenridge, Colorado 80424
Ph: 305-989-6440
**877-WOLFE - LAW**
**855-MR - WOLFE**



**EXHIBIT B2**